**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| CONNIE GIVENS,<br><br>Plaintiff,<br><br>v.<br><br>NOVO NORDISK INC.,<br>NOVO NORDISK A/S,<br>ELI LILLY AND COMPANY,<br>and LILLY USA, LLC<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: ________________ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff named below, by and through the undersigned counsel, files this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff adopts and incorporates by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

# IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Connie Givens.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: ______________________________,
as ______________________ of the estate of ______________________, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): ______________________________.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: ______________________________.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

__X__ Novo Nordisk Inc.

__X__ Novo Nordisk A/S

__X__ Eli Lilly and Company

__X__ Lilly USA, LLC

_____ other(s) (identify): ______________________________

## JURISDICTION AND VENUE

6. City and state of Plaintiff's current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Cincinnati, Ohio

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Ohio

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Ohio

9. City and state of Plaintiff's/Decedent's residence at time of diagnosis of injury:

Cincinnati, Ohio

10. Jurisdiction is based on:

__X__ diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

____________________

11. The District Court(s) where Plaintiff might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Southern District of Ohio – Western Division

12. Venue is proper in the District Court identified in Paragraph 11 because:

__X__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

____________________

13. If applicable, identify the citizenship of any additional Defendants named above:

______________________________________________

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

__X__ Ozempic (semaglutide)

_____ Wegovy (semaglutide)

_____ Rybelsus (oral semaglutide)

_____ Victoza (liraglutide)

_____ Saxenda (liraglutide)

_____ Trulicity (dulaglutide)

__X__ Mounjaro (tirzepatide)

_____ Zepbound (tirzepatide)

_____ Other(s) (specify): ______________________________

15. To the best of Plaintiff's knowledge, Plaintiff/Decedent used GLP-1 RA Products during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic: March 2024 through November 2024

Mounjaro: January 2025 through February 2025

______________________________________________

______________________________________________

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) ______________________

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) ______________________

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__X__ Additional/Other(s) (specify): Severe and prolonged vomiting and nausea; sustained inability to tolerate oral intake of food, water, and other prescription medication; severe dehydration.

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

November 2024 through October 2025

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

__X__ Injury to self

_____ Injury to person represented

__X__ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): ____________________________________________

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

_____ Count I: Failure to Warn – Negligence

_____ Count II: Failure to Warn – Strict Liability

_____ Count III: Breach of Express Warranty/Failure to Conform to Representations

_____ Count IV: Breach of Implied Warranty

__X__ Count V: Fraudulent Concealment/Fraud by Omission

__X__ Count VI: Fraudulent/Intentional Misrepresentation

_____ Count VII: Negligent Misrepresentation/Marketing

_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

_____ Count IX: Innocent Misrepresentation/Marketing

__X__ Count X: Unfair Trade Practices/Consumer Protection (see below)

_____ Count XI: Negligence

_____ Count XII: Negligent Undertaking

__X__ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV: Loss of Consortium

_____ Count XVI: Survival Action

__X__ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

See Attachments “A” and “B”.

20. If Plaintiff is asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Ohio Rev. Code Ann. § 1345.02(A), (B)(1), (B)(2); § 1345.03

b. Identify the factual allegations supporting those claims (by subsection, if applicable):

See attachment "B"

** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

Ohio Rev. Code § 2307.72(A) & (B)

b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Failure to Warn – Negligence; Failure to Warn – Strict Liability; Breach of Express Warranty/Failure to Conform to Representations; Breach of Implied Warranty; Fraudulent Concealment/Fraud by Omission; Fraudulent/ Intentional Misrepresentation; Negligent Misrepresentation/Marketing.

c. Identify the factual allegations supporting those claims:

In support of these claims, Plaintiff incorporates by reference the factual allegations in the Master Complaint, specifically paragraphs 904-911, as though set forth fully at length herein.

** Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff provide some form of separate pre-suit notice to Defendants?

## RELIEF

Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims triable by jury in this action.

Dated: November 5, 2026.

Respectfully submitted,

**BURSOR & FISHER, P.A.**

*/s/ Scott A. Bursor*
Scott A. Bursor

Scott A. Bursor
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: ozempic@bursor.com

*Counsel for Plaintiff*

**ATTACHMENT "A"**
**FRAUDULENT CONCEALMENT/FRAUD BY OMISSION AND FRAUDULENT/INTENTIONAL MISREPRESENTATION SUPPLEMENT**

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 721-800 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 19 of the Short Form Complaint (the "Statute").

4. Plaintiff's prescribing physician(s) recommended Ozempic and Mounjaro to Plaintiff for Type 2 Diabetes, chronic weight management/obesity, and to reduce the risk of major adverse cardiovascular events. In reliance upon Defendants' misrepresentations and omissions as set forth herein, Plaintiff used Ozempic and Mounjaro without full knowledge of their risks and benefits.

**ATTACHMENT "B"**
**UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT**

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4. The Ohio Consumer Sales Practices Act ("Ohio CSPA" or the "Statute") prohibits unfair or deceptive acts or practices in connection with a consumer transaction. Ohio Rev. Code Ann. § 1345.02.

5. Plaintiff and Defendants are "persons" under the Statute.

6. Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7. Defendants are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8. Defendants designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

9. Defendants marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Ohio. In addition, Defendants sold the GLP-1 RA Products to residents of Ohio; shipped GLP-1 RA Products to Ohio; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in Ohio. Defendants' misconduct described herein significantly affected Ohio consumers.

10. As alleged in the Master Complaint, Defendants engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

b. Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendants knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendants continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendants claimed. Despite espousing significant weight-loss benefits, Defendants knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendants continued to mislead consumers by overstating the products' weight-loss benefits.

13. The information referenced above that Defendants misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14. Defendants intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15. Defendants violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16. Defendants violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

18. Plaintiff's prescribing physician(s) recommended Ozempic and Mounjaro to Plaintiff for glycemic control for Type 2 Diabetes, chronic weight management/obesity, and to reduce the risk of major adverse cardiovascular events. In reliance upon Defendants' misrepresentations and omissions as set forth herein, Plaintiff used Ozempic and Mounjaro without full knowledge of their risks and benefits.

19. Plaintiff was prescribed Ozempic on or about March 2024. Plaintiff later developed severe and prolonged vomiting. On or about November 2024, Plaintiff presented to the emergency department with severe epigastric pain and intractable vomiting and required inpatient care, where she was diagnosed with intractable nausea and vomiting, metabolic alkalosis, and lactic acidosis. From on or about December 17, 2024 through December 20, 2024, Plaintiff was readmitted for recurrent intractable nausea and vomiting. A GI consultation and EGD on or about December 18, 2024 revealed a large volume of retained gastric fluid with mild gastritis. Providers suspected Ozempic-induced vomiting, and the medication was discontinued. On or about February 19, 2025, Plaintiff was again admitted for intractable vomiting, remaining hospitalized through February 21, 2025, where she was diagnosed with vomiting and hypokalemia and required IV fluids, antiemetics, and dietary advancement. Her providers identified Mounjaro as the likely cause and noted her prior intolerance to Ozempic and other GLP-1 agonists, and GLP-1 therapy was

discontinued. At a follow-up visit on or about March 2025, Plaintiff's providers documented ongoing nausea with intermittent vomiting, noted her continued need for antiemetics, and expressed concern for gastroparesis. Plaintiff's records reflect recurrent, severe vomiting from November 2024 through February 2025, requiring multiple emergency visits and inpatient hospitalizations, including a hospitalization in October 2025. Plaintiff continues to experience daily nausea, abdominal cramping, and diarrhea, as well as visual disturbances and weight gain with associated hip and back pain. These conditions have impaired Plaintiff's ability to perform her work duties, resulting in missed work, lost wages, and a reduction to part-time employment. Plaintiff has also experienced symptoms of depression and anxiety.

20. Defendants knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

21. By consistently and pervasively understating the risk and overstating the benefits of taking GLP-1 RA Products, Defendants engaged in unfair, deceptive and/or fraudulent acts in violation of the Statute by, among other things:

a. representing that the GLP-1 RA Products have performance characteristics, uses, or benefits that they do not have;

b. representing that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are not; and

c. committing an unconscionable act or practice in connection with a consumer transaction. Ohio Rev. Code Ann. § 1345.02(A), (B)(1), (B)(2); § 1345.03.

22. In violation of the Statute, Defendants' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (i.e., the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

23. Defendants' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

24. Plaintiff justifiably relied on Defendants' misrepresentations and omissions and if Plaintiff had known the information that Defendants withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

25. As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendants' misrepresentations and omissions. Defendants expected or should have expected reasonable consumers to rely on these misrepresentations and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

26. Plaintiff at all times acted as a reasonable consumer in relying upon Defendants' misrepresentations and material omissions concerning Defendants' GLP-1 RA Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

27. The actions and omissions of Defendants are uncured or incurable.

28. As alleged above, Defendants had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

29. As a direct and proximate result of Defendants' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

30. Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

31. The Ohio Consumer Sales Practices Act does not impose a pre-suit notice requirement. See Ohio Rev. Code Ann. § 1345.02.